1  James Kennedy, Esq. (pro hac vice forthcoming)
   jkennedy@kennedyberg.com
2  KENNEDY BERG LLP
   The Chrysler Building
3  405 Lexington Avenue, 26th Floor
   New York, NY 10174
4  Telephone: (212) 899-3400
   Facsimile: (212) 899-3401
5
   Jeffrey H. Reeves, Esq. (State Bar No. 156648)
6  jreeves@tocounsel.com
   Bradley Dugan, Esq. (State Bar No. 271870)
7  bdugan@tocounsel.com
   THEODORA ORINGHER PC
8  535 Anton Boulevard, Ninth Floor
   Costa Mesa, California 92626-7109
9  Telephone: (714) 549-6200
   Facsimile: (714) 549-6201
10
   Attorneys for Intervenor
11 Sterling Financial & Realty Group, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OCEAN THERMAL ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>C. ROBERT COE III, BRETT M. REGAL, DAVID R. LARGE, MIGRATION PARTNERS, LLC, NAUTILUS PARTNERS, LLC and TRADE BASE SALES, INC.,,<br><br>Defendants. | Case No. 2:19-cv-05299-VAP-JPR<br><br>**DECLARATION OF JEFFREY HACKMAN**<br><br>The Hon. Virginia A. Phillips<br><br>Hearing:<br>Date: March, 9, 2020<br>Time: 2:00 p.m.<br><br>Trial Date: None Set |

I, Jeffrey Hackman, hereby declare under penalty of perjury:

1. I am over eighteen years old and am competent to testify to the facts and matters set forth in this declaration.

2. I am the President of Sterling Financial & Realty Group, Inc. ("**Sterling**"). I have been actively involved in the transactions, communications and other matters alleged in the Proposed Complaint in Intervention being submitted by Sterling in support of its motion to intervene in this Action. Unless otherwise stated, I have personal knowledge of the following facts and authority to make this declaration on behalf of the Company.

3. I have reviewed the Proposed Complaint, and its exhibits. The facts alleged in the Proposed Complaint are true and correct to the best of my knowledge, information and belief.

4. As more fully alleged in the Proposed Complaint, Sterling has a Uniform Commercial Code perfected first priority interest in, among other property, a rare collection of gemstones known as the Ophir Collection ("**Collection**"), owned by Trade Bases Sales, Inc., a company owned and controlled by Brett Regal ("**Regal**").

5. Paragraphs 54 and 55 of the Proposed Complaint address certain communications I had in September 2018 with Daniel Barks, Esq. ("**Barks**"), an attorney for Ocean Thermal Energy Corp. ("**OTEC**") about OTEC's interest in collecting upon a debt of about $8 million that Mr. Regal and/or his affiliated companies allegedly owed to OTEC As I understood it, OTEC did not have a security interest in the Collection or in any Regal's property, which was proving to be a significant obstacle in its efforts to collect on its alleged debt.

6. During one or more of those conversations, I rejected Barks' invitation and proposal that Sterling partner or otherwise join with OTEC in convincing Regal to enter into a multiparty agreement by which Regal would monetize or sell a collection of rare gemstones with the financing or sales proceeds to be used to pay

monies that Regal owed Sterling and OTEC. Based on our discussions, and for other reasons, I believe that Barks was fully aware at the time of Sterling's UCC-perfected security in the Collection and other property owned by Regal.

7. Thereafter, Mr. Barks stated that, absent such an agreement, OTEC would proceed to domesticate in California a judgment for about $8 million it had obtained against certain Regal entities, and seek to foreclose upon the Collection. He further stated that, in response to this strategy, Sterling would be forced to come to California and challenge OTEC's enforcement action in order to preserve Sterling's security interests in the Collateral.

8. I did not take Barks' statement as a personal threat, but rather as a somewhat heavy handed attempt to induce Sterling to accept his proposal to help get OTEC paid even though it had no security interest in any of Regal's property. As noted, Sterling had no interest in that proposal.

9. As it has turned out, OTEC has since done exactly what Barks stated it would do, as a result of which Sterling has been forced to move to intervene in this action.

I declare under the penalty of perjury under the laws of the United States of America that that the foregoing is true and correct, dated this tenth day of February, 2020, at Boca Raton, Florida.

DATED: February 10, 2020

By: _____
Jeffrey Hackman